UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SANDERS DWAYNE JOHNSON,

    Plaintiff,

        v.                                        CAUSE NO. 3:22-CV-424-JD-MGG

ISP MEDICAL, et al.,

    Defendants.

## OPINION AND ORDER

Sanders Dwayne Johnson, a prisoner without a lawyer, filed a complaint against four defendants. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Johnson, who is housed at the Indiana State Prison ("ISP"), alleges that on November 24, 2020, while he was in lockup on the westside in D-cellhouse, two inmates on the eastside of D-cellhouse set their mattresses on fire. ECF 1 at 2. After smoke from the fire filled the cellhouse, the inmates began to scream for help because they could not breathe and needed medical assistance. *Id*. Johnson fell down on his cell floor and yelled that he had a medical emergency until he could no longer speak. *Id*. When he was on his

cell floor, Officer Furino, who had been directed by Captain Warlow to walk down 200 West of D-cellhouse, saw Johnson gasping for air. *Id*. Officer Furino took off running to get Johnson medical help, but he never returned to Johnson's cell. *Id*. Another officer attempted to help Johnson but the keys to his cell door could not be found. *Id*. When Mr. Johnson's cell door was finally unlocked, he was taken to the medical unit where he was put on a breathing machine and given an inhaler. *Id*.

Based on these events, Johnson has sued ISP Medical, Medical, Captain Warlow, and Officer Furino. He seeks monetary damages from the defendants because he has breathing difficulties that continue to this day.

Under the Eighth Amendment, prison officials must "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation marks and citations omitted). However, a prison official only violates the Eighth Amendment if he is deliberately indifferent to conditions posing a substantial risk of serious harm. *Id*. at 834-35. Deliberate indifference is comparable to criminal recklessness and is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer*, 511 U.S. at 837. A defendant must have "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010) (quotation marks and

citation omitted). Prison officials are not expected to eliminate the possibility of all dangers. *McGill v. Duckworth*, 944 F.2d 344, 345 (7th Cir. 1991).

Based on his allegations, Johnson has not stated a claim against the defendants he has named in his complaint. First, as to ISP Medical and Medical, it is unclear if Johnson is attempting to sue an individual or a corporation. He has not identified either a specific person or a corporation. Second, while Johnson has sued Captain Warlow, he has not alleged any wrongdoing on the part of Captain Warlow. Instead, he merely asserts that Captain Warlow directed Officer Furino to walk down 200 West of D-cellhouse to check on inmates during the fire. Lastly, he has sued Officer Furino alleging that, after Officer Furino saw him lying on his cell floor gasping for air, Officer Furino ran to get help, but never returned to Johnson's cell. This, by itself, is insufficient to infer deliberate indifference on the part of Officer Furino.

Johnson's complaint does not state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, Johnson needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Sanders Dwayne Johnson until **January 6, 2023**, to file an amended complaint; and

(2) CAUTIONS Sanders Dwayne Johnson if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on December 8, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT